PearsOiY, J.
 

 There was no evidence that the free negro was taken and conveyed out of this State by violence; but his Honor was of opinion, that die Statute embraced cases where the object was effected by
 
 u
 
 deception,” “seduction” or
 
 “
 
 persuasion ”— in other words, that the Statute embraced cases in which fraud is the means used, as well as cases where force is resorted to.
 

 The original Act was passed in 1779. This is the first time a construction has been called for, in reference to the section in respect to free negroes; whereas its fellow, the section in respect to slaves, has been very frequently before the Court, and has given rise to much refinement and subtle disquisition. For the purpose of
 
 *12
 
 avoiding this, we pass over several points which have been presented, and confine ourselves to the duty of endeavoring to fix a construction, so far only as is necessary to the decision of the case before us.
 

 The Court below erred in extending the Statute to cases where fraud is the means used. The Statute creates a felony only where a free negro is,
 
 by
 
 force, taken and conveyed out of the State, with an intent to sell him as a slave. The 10th sec. Rev. Stat. ch. 34, in.regard to slaves, and the 12th sec. in regard to free ne-groes, re-enacting the Act of 1TT9, are expressed in the same words, with these exceptions:
 

 1. The former has the word“ steal ’ ’ — the latter omits it: why? Because free negroes are not property, and, therefore, not the subject of larceny.
 

 2. The former has the word “ seduction ” — the latter omits it: why? This is the point upon which the construction turns. The former uses the words “ violence or seduction ” — the latter uses the word “ violence,” and leaves out “ seduction.” It cannot therefore be construed, as if the word “ seduction ” had not been left out, without considering the omission as a mere act of negligence, which would be indecent. It is certain, “seduction,” used in the one section to denote means of fraud, as distinguished from force, is not used in the other. Consequently the two sections do not admit of the same construction.
 

 The idea then suggests itself, rvhy should there be a difference? In the language of my Lord Coke, “ this is the very lock and key to set open the windows of the statute.” The former is for the protection of the
 
 owner
 
 of a slave — the latter for the protection of the
 
 free negro.
 
 The injury to the owner is the same, whether his property be taken away by force or fraud. It is otherwise in regard to a free negro. As a subject of the State, he has a right to expect protection against force; but if he yield to seduction or persuasion, or allows himself to be beguiled by fraud, and of his own accord goes out of the State, it is his own folly. And although he has the protection of the State, and can bring an action for damages, he has no right to call for protection by the use of the strong arm of the criminal law, when he consents to the act., and does it of his own folly.
 

 The construction of a statute which uses the word “violence,”
 
 *13
 
 and omits “ seduction,” which is used in a section immediately-preceding, must be strained, if it is made to take in a case of seduction or persuasion or deception, or any other term used to denote fraud, as distinguished from force. A parallel case is that of rape. Females are protected against force, by making the act felony; but if the object is effected by seduction, persuasion or deception, it is her own folly — her misfortune.
 

 3. The former uses the-words “take or convey away ” — the latter “take or convey
 
 out of this State into another:”
 
 wh}*? The former was intended to protect the owner of a slave from any felonious taking or carrying away of his property. The latter was more sparing in the creation of a new felony, because, if a free negro is taken by force and carried from one part of the State to another, so long as he is left in the State, his remedy by' action is deemed a sufficient protection.
 

 4. The latter omits the words “ or with an intent to appropriate to his own use: ’ ’why ?
 
 We
 
 suppose, for the reason that it was not considered probable that any one would, by violence, take a free negro and carry him out of the State, with an intent to make him a slave, and keep him in his own employment. The danger apprehended was the intent to
 
 sett him as a slave;
 
 and the Statute is therefore restrictive to the end which was apprehended. This difference is noticed, simply for the purpose of contrasting the two sections, whereby it will appear that the words are precisely the same, except when it was
 
 intended
 
 to make a
 
 difference.
 

 The Statute uses the expression, “or by any other means.” What effect is to be given to this? It is used in both sections, and signifies any other means of
 
 a like kind,
 
 in the sense of “ otherwise.” There is a clear authority for this construction in regard to statutes concerning tire right of property:
 
 a fortiori,
 
 it must be eo, in regard to a statute creating a new felony. Dwarris on Statutes, 778,4 Rep. 3. “ Violence ” is a general term, and includes all sorts of force. Any other means of
 
 a like kind,
 
 adds nothing to the meaning, and is surplusage or a generality, thrown in
 
 ex abundante cautela.
 
 So, the 10th sec., having provided against stealing, and taking and conveying away by violence or seduction, that is, by force or fraud, covered the whole ground; and the expression “by any other means ” is mere surplusage.
 

 
 *14
 
 The idea of taking and conveying away a slave, considered as property, or a horse or a dog, by seduction, as distinguished from laying hands on them, is intelligible; for they may be tolled or enticed away, and tire injury to the owner is the same as if it were done by force. But how a free negro, who is an intelligent being and a free agent, can be taken and conveyed out of the State unless force is used in taking him, cannot well be conceived. Taking, unless used in the sense applicable to property alone, cannot be applied to a free agent, so as to exclude the idea of force, as the very word imports force; and so, taking and carrying a free negro out of the State, by seduction or persuasion or deception, are incongruous terms; and hence the omission of the word seduction, in the section concerning free negroes.
 

 If this section includes fraud, it necessarily extends to all kinds of fraud. Consequently, if one, by a bare falsehood, induces a free negro to go out of the State, and there is the intent to sell him as a slave, the felony is consummated the instant the negro crosses the line; for it is not necessary that he should bo actually sold as a slave — the intent being the gist of the crime. So, there is not only a new felony created by the Statute, but a new species of felony, depending upon the
 
 thought
 
 and not the
 
 deed
 
 — a felony, without any
 
 overt act.
 
 Such a construction would violate all of the analogies of our criminal law, which, to constitute treason or felony, requires some outward, visible act, about which there can be no mistake; and does not allow the life of a citizen to be forfeited, merely for using words, no matter what maybe the intent.
 

 It struck his Honor, that a construction including all sorts of fraud, as well as force, was too broad; and hence he was inclined to make an exception, where the free negro was privy to the intent, and consented to go and be sold as a slave, under the expectation of sharing the spoils. The necessity for making this' exception concedes the whole question of construction. The Statute is first to be added to, by inserting the word seduction, and then by adding a proviso, that if the free negro was privy to, or had reason to believe the intent was to sell him, then, and in that case, it should not be a felony within the meaning and purview of the Statute, unless he was taken and conveyed out of the State by violence. The Statute contains no such proviso. If it ex
 
 *15
 
 tends to fraud at all, it includes all cases of fraud. The Court has no right to malee any exception; and yet it is conceded that it could not have been the intention to include a case of fraud, where the free negro is privy to the intent, and the bait or means of seduction held out to him .is, that he should have a share of the spoils. A false promise of this kind is the means of seduction that would most frequently be resorted to; and surely a wretch who would listen to it, has no right to call for protection.
 

 The necessity for making an exception proves that this Statute does not include cases of fraud. It could not have been tire intention of the framers of the Statute to make the life of a prisoner depend upon his being able to prove, that the free negro was privy to, or had notice of, the intent.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.